52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Gerald Vann McNEIL, Petitioner-Appellant,
v.
David TRIPPETT, Respondent-Appellee.
 No. 94-2135.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1995.
 
 Before: KEITH, MARTIN and GUY, Circuit Judges.
 
 ORDER
 
 1
 Gerald Vann McNeil, a pro se Michigan prisoner, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 After a jury trial, McNeil was convicted of armed robbery and received a sentence of thirty to fifty years of imprisonment. McNeil's conviction was upheld by the Michigan Court of Appeals and the Michigan Supreme Court denied his delayed application for leave to appeal.
 
 
 3
 McNeil's habeas corpus petition presently on appeal is his third. He filed two prior habeas corpus petitions, the first of which was denied due to failure to exhaust his available state court remedies. After returning to the state courts, McNeil then filed his second habeas corpus petition in which he raised three grounds for relief. The district court denied habeas corpus relief and found that McNeil's constitutional rights were not violated when he was subjected to an in-court identification, that he received effective assistance of counsel, and that the trial judge did not violate constitutional standards of impartiality.
 
 
 4
 McNeil filed his third and current habeas corpus petition in which he raised three grounds for relief, grounds that were not raised in his two prior habeas corpus petitions. In his current habeas corpus petition, McNeil alleged that: 1) the trial court erred by using an uncounseled juvenile adjudication as a basis for enhancing his sentence; 2) the sentence imposed was disproportionate to the offense and the offender; and 3) the prosecution violated his right to due process by referring to his silence after he was warned that he had a right to remain silent. The district court denied McNeil habeas corpus relief finding that McNeil had abused the writ and that he had not shown cause for failing to raise these claims in his prior habeas corpus petitions.
 
 
 5
 On appeal, McNeil continues to argue the merits of his case. He does not indicate why he failed to raise the claims raised in his current habeas corpus petition in his first and second habeas corpus petitions. He requests oral argument.
 
 
 6
 Upon review, we conclude that the district court properly dismissed McNeil's habeas corpus petition as an abuse of the writ under Rule 9(b) of the Rules Governing Section 2254 Proceedings. McNeil raised three new grounds for relief in his current habeas corpus petition which he did not raise in his prior Sec. 2254 habeas petitions, and he has failed to show cause why these claims were not raised previously or actual prejudice resulting from his failure to do so. See McCleskey v. Zant, 499 U.S. 467, 493-94 (1991). In addition, McNeil has not supplemented his claims with a colorable showing of factual innocence so as to invoke federal review in this case. Id. at 494.
 
 
 7
 Accordingly, we deny McNeil's request for oral argument and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.